UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH NARH ZIZER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MINGA WOFFORD, Facility Administrator of Mesa Verde ICE Processing Center, et al.,<br><br>　　　　　Respondents. | No.  1:25-cv-01443-JLT-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[THIRTY DAY DEADLINE] |

　　　Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS").

　　　Petitioner is a citizen and national of Ghana who entered the United States in 2004 on an H-2B visa. He returned to Ghana and then returned to the United States in 2005 on an H-2B visa. He overstayed his visa.

　　　In 2010, he was detained by the United States Immigration and Customs Enforcement ("ICE") and placed into removal proceedings. On July 1, 2010, he was ordered deported. He appealed to the Board of Immigration Appeals ("BIA") and his appeal was dismissed on September 29, 2010.

　　　Petitioner was thereafter released on an Order of Supervision ("OSUP"). He checked in

regularly with ICE. On September 17, 2025, during a regularly scheduled check-in, Petitioner was taken into custody by ICE. He states he was not provided an explanation for his re-detention. He is currently in removal proceedings to Ghana.

Petitioner claims his constitutional rights have been violated because detention is indefinite and removal to Ghana is not reasonably foreseeable. He claims he should have been provided a pre-deprivation hearing prior to being taken into custody. He further contends his detention is not reasonably related to the government's purpose, which is to prevent danger or flight risk. He seeks immediate release from custody.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.  The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated: **October 30, 2025**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE